# IN THE MATTER OF THE CUSTODY OF THE CHILDREN OF ALAN BROWN

## Case No. 90-3145-CJA and CJB

Fourth Judicial Circuit, Duval County

November 2, 1990

### APPEARANCES OF COUNSEL

**Charles D. Tobin, Esquire** and **George D. Gabel, Jr., Esquire,** Gabel, Taylor & Dees, for WTLV/Television 12 of Jacksonville, Inc. and Florida Publishing Company.

**George E. Schulz, Jr., Esquire** and **Matthew A. Myers, Esquire,** Holland & Knight, for WJKS/Channel 17.

### OPINION OF THE COURT

DOROTHY H. PATE, Circuit Judge.

## ORDER ON MOTIONS OF TELEVISION 12 ("CHANNEL 12"), FLORIDA PUBLISHING COMPANY AND WJKS, CHANNEL 17

THIS CAUSE came on for hearing on October 31, 1990, upon the above motions and other pleadings. The Court has considered the argument of counsel and the authorities cited, the Court finds:

A. Section 39.408(2)(c) provides that hearings involving ". . . custody . . . of children shall remain confidential and closed to the public". The amendment of Cannon 3A(7) of the Code of Judicial Conduct in 1979 to allow media coverage in judicial proceedings must be considered along with the statutory provision. This Court believes that the Court has discretion as to when media will have access to dependency proceedings but that discretion is not unlimited.

B. Counsel for the children, the father and relatives advocate closure of the dependency hearings. If § 39.408(2)(c) is controlling without consideration of caselaw and Cannon 3 A(7), the answer is simple. The Court does not believe the statute would pass constitutional tests if so construed. Closure of the courtroom requires consideration of the public interest balanced with the prejudice to the participants and the best interest of the children.

C. The Court finds that the best interest of the children (and family members) would be met by closure.

D. The Court further finds that due to extensive media coverage of the criminal trial in which the father was acquitted of the homicide of the mother the public has a genuine interest in these proceedings. (Affidavit of Jay R. Solomon with Exhibits).

E. The Court does not believe in this case that the burden of proof has substantiated closure. The best interest of the children and their general well-being does require some restrictions on the matters to be published.

F. The Court further finds that the dependency files and records are confidential pursuant to § 39.411(3) and neither public interest nor public policy require disclosure or inspection to the media.

The children were adjudicated dependent by Order of August 21, 1990, after a hearing with all parties represented by counsel. Order of Disposition of October 3, 1990, placed custody with the maternal grandparents and permitted visitation with the father as recommended by the therapist for the children. It is, accordingly,

ORDERED AND ADJUDGED that:

1. The Motions of Channel 12, Florida Publishing Company and

WJKS, Channel 17, are granted to the extent that the media may cover all hearings in this dependency action. The media is prohibited from publishing any picture of the children, their names, testimony of professional therapists, including any psychologists, psychiatrists, or other mental health or behavioral experts, as well as any sensitive personal inner family information which has not been previously disclosed to the media. All media personnel shall consult with legal counsel if there is any question as to whether material should be published pursuant to the restrictions of this Order.

2. The Clerk shall maintain Court files as confidential pursuant to § 39.411(3).

DONE AND ORDERED at Jacksonville, Duval County, Florida, this 2nd day of November, 1990.